**YUN LIN, a.k.a. Yun Ni, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–4495–ag.**

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

Yee Ling Poon, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Ni, a native and citizen of the People's Republic of China, seeks review of the August 20, 2008 order of the BIA, denying her motion to reopen. *In re*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

*Yun Lin a.k.a. Yun Ni*, No. A072 461 594 (B.I.A. Aug. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Ni's untimely motion to reopen.

Ni argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Finally, we find that Ni's arguments with regard to her eligibility to file a successive asylum application are unexhausted, *see Lin Zhong v. U.S. Dep't of Justice*,

480 F.3d 104, 119–20 (2d Cir.2007), and we therefore decline to address her argument that our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008), conflicts with the Supreme Court's decision in *Dada v. Mukasey*, —— U.S. ——, 128 S.Ct. 2307, 2317, 171 L.Ed.2d 178 (2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).